us to hold that in the case at bar the statutory grouping of departments could not be .changed by the board, and hence the resolution brought up, coupling the department of public safety with that of revenue and finance, must be set aside, with costs."

For the appellant, *John Harris* and *Ernest W. Lloyd.*

For the respondent, *Clarence L. Cole.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   11.

*For reversal*—None.

---

THOMAS H. HOWLEY, RESPONDENT, v. ELMER E. WYCKOFF ET AL., APPELLANTS.

Submitted March 21, 1921—Decided June 20, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The prosecutor holds a rule to show cause why a writ of *certiorari* should not be allowed him to review the action of the sheriff of the county of Middlesex in undertaking to interfere with the performance of prosecutor's duty as court attendant.   On the argument of the rule, the facts not being in dispute, parties agreed that if the court should decide to allow the writ, it should at the same time determine the matter in dispute.   The court being of opinion that the writ

should go, it is allowed, and the merits considered and adjudged as follows:

"The prosecutor was appointed in 1916 by the then sheriff of the county of Middlesex to the position, as described in the act, of court attendant as authorized by an act of the legislature providing for the appointment of court attendant (*Pamph. L.* 1916, *p.* 514), and since that time has continued to hold the position without further appointment. In the month of November, 1920, the defendant, a newly-elected sheriff, served on the prosecutor this written notice: 'On and after November 15th, 1920, your services will be no longer required. Kindly return your coat and badge to this office.' The prosecutor then applied for a writ of *certiorari* to review this action of the sheriff and to set aside the order of discharge as a threatened interference with the performance of his duties as court attendant, upon the ground that the sheriff has no power to thus discharge the prosecutor from his position, which has been allowed. If the sheriff has no such power, then his order of discharge is a proceeding which the prosecutor may apprehend will be unlawfully used to disturb him in his office, and is reviewable by *certiorari* (*Murphy* v. *Freeholders of Hudson*, 92 *N. J. L.* 244); for, if the order be acceded to, it will amount to a dismissal of prosecutor from his position. He is still in office, and, as no successor has been expressly appointed, this proceeding is not a contest between persons claiming the same position.

"The written stipulation upon which the argument was based shows that the prosecutor was duly appointed to the position of court attendant; that he is an exempt fireman and entitled to hold his office during good behavior, and not subject to removal for political reasons under the statute relating to the tenure of office of exempt firemen (*Comp. Stat., p.* 630, § 60; *Pamph. L.* 1911, *p.* 444), if his 'term of office is not now fixed by law.' It is admitted that the prosecutor was not discharged for cause or after hearing, but for political reasons. The only question argued was whether prosecutor's office was or not fixed by law, and this must be solved by the legal construction to be given to the act of 1916 under which

he was appointed. This statute makes it the duty of the sheriff to 'appoint from the body of the electors of his county such and so many persons as may be necessary to attend upon the several courts of his county and to perform the duties now performed by the constables of said county summoned to attend said courts.' It contains no express provision fixing the term or number of such appointees, but the defendant argues that as they are 'to perform the duties now performed by constables summoned to attend said courts,' their term is limited to that of constables to be summoned under the act of *Pamph. L.* 1911, *p.* 444; *Supp. Comp. Stat., p.* 630—that is, for the term of the court they are called to attend. This is not logical. The new statute does away with all constables as attendants, and while a constable may be appointed it is not by virtue of his office but as one of the electors, without limitation as to term. It is also urged that the power of appointment implies the power to discharge, unless the time be fixed. If this should be granted the power to discharge the appointee does not make his term one fixed by law, and in the present case the prosecutor was, since he was appointed, holding an office the term of which was not fixed under the law providing for his appointment, and as soon as he was inducted into the position he was protected by the Tenure of Office act of 1911, *supra*.

"The first section of the act of 1916 is a replica of the first section of the act of 1911 (*Pamph. L., p.* 718), except that the earlier act was limited to counties of the first class and provided for the compensation of the attendant, which the act of 1916 omits. The act of 1916 is applicable by its terms to all counties, and its first section imposes on the sheriff the duty to appoint as many court attendants, from the body of the electors, as may be necessary to attend the court and perform the duties then to be performed by the constables summoned for that purpose. By section 2 the court attendants in counties having adopted the Civil Service act are declared to be in the classified service provided for by that law. Section 3 provides that all persons holding such positions in counties having adopted the Civil Service act shall be placed in the

competitive class without examination. From this the prosecutor argues that the intention of the legislature, to be gathered from the entire act, was to create the position of court attendant and to place the appointee beyond removal for political reasons. There is some force in this argument, for in counties where the Civil Service act has not been adopted no term is fixed, or power of removal expressly given, and in counties where the Civil Service law is in force all appointees are made subject to that law, and appointees in office, if the act should be adopted during their term, are placed in the classified service without examination, so that scheme of law seems to have been to place all such appointees beyond removal for political reasons. But it is not necessary to determine this in the present matter because the prosecutor was regularly appointed to a position which had no term fixed by law and he was therefore protected from removal by the Tenure of the Office act above cited. Our opinion is that the sheriff had no power to remove the prosecutor from his position, and, having attempted to do that by a writing which amounts to a threatened interference with the performance of prosecutor's duties, the order of the sheriff should be set aside, with costs, and it is so ordered."

For the appellants, *Frederick F. Richardson* and *Jabez H. Helm.*

For the respondent, *Edmund A. Hayes.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—None.